UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ANTONIO NAVARRO,<br><br>    Petitioner,<br><br>v.<br><br>JOSEPH W. MOSS,<br><br>    Respondent. | CASE NO. 1:17-CV-00223-JDP<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ECF NO. 1 |

Petitioner Marco Antonio Navarro, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner raises two habeas claims: (1) the trial court did not have jurisdiction to convict him of assault in case No. VCF217254A because the charge was time-barred by the statute of limitations; and (2) he "is entitled to additional custody credits from the time of any valid hold or arrest." ECF No. 1 at 4. The parties have consented to the jurisdiction of a magistrate judge. ECF No. 8; ECF No. 11. We will deny the petition for the reasons discussed below.

**I.    Background**

Petitioner is incarcerated pursuant to judgments of the Tulare County Superior Court in case numbers VCF187188 and VCF217254A. In case number VCF187188, the superior court sentenced Navarro to life in state prison with parole consideration after thirty-one years and eight months. The sentence followed a jury verdict convicting him of first degree murder, dissuading a

1

witness by threat, and auto theft. In case number VCF217254A, the superior court sentenced Navarro to a consecutive term of two years in state prison based on his plea of nolo contendere to a jailhouse-assault charge. Plaintiff's claims concern the latter conviction, case number VCF217254A.

The California Court of Appeal summarized as follows the procedural background of case number VCF217254A:

> In case No. VCF217254A, Navarro was charged by complaint with a felony violation of Penal Code section 245, subdivision (a)(1). The offense was alleged to have occurred on or about January 16, 2009. A complaint was filed in Tulare County Superior Court on February 13, 2009.
> Penal Code section 245, subdivision (a)(1), is punishable "by imprisonment in the state prison for two, three, or four years." (Pen. Code, § 245, subd. (a)(1).) The applicable statute of limitations, Penal Code section 801, provides that an offense punishable in state prison shall be commenced within three years after commission of the offense.
> On May 22, 2012, Navarro was returned to Tulare County from state prison for retrial of case No. VCF187188, his commitment offense. On May 23, 2012, more than four months after the three-year limitations period elapsed, Navarro was arraigned on the jail assault complaint.
> Navarro pleaded nolo contender [sic] in that case on June 18, 2012. He failed to request or receive a certificate of probable cause from the superior court. Navarro later asked this court for leave to file an otherwise untimely request for a certificate of probable cause, which was denied without prejudice on April 17, 2013. He did not renew his request thereafter.

ECF No. 16-1 at 60-61.

On direct appeal, the California Court of Appeal held that the issue of whether the prosecution had commenced within the state statute of limitations was procedurally barred because plaintiff pleaded nolo contendere and did not request or receive a certificate of probable cause to challenge the validity of his plea. ECF No. 16-1 at 61. The court explained its decision as follows:

> We find Navarro's claim procedurally barred. Penal Code section 1237.5 provides that "[n]o appeal shall be taken by the

2

> defendant from a judgment of conviction upon a plea of guilty or nolo contendere" unless "[t]he trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." (Pen. Code, § 1237.5, subd. (b).) Navarro neither sought nor procured a probable cause certificate from the trial court.
>
> It is true that the statute of limitations is jurisdictional and the lack of jurisdiction may be raised for the first time on appeal. (*People v. Chadd* (1981) 28 Cal.3d 739, 757.) However, as this court has explained, "[t]hat the statute of limitations is jurisdictional does not mean that the issue may be raised on appeal *without compliance with Penal Code section 1237.5*." (*People v. Smith* (1985) 171 Cal.App.3d 997, 1001, original italics.) After all, among the grounds for which Penal Code section 1237.5 requires a probable cause certificate are "jurisdictional . . . grounds going to the legality of the proceedings." (Pen. Code, § 1237.5, subd. (a).)

ECF No. 16-1 at 61. The California Supreme Court subsequently denied discretionary review without comment. ECF No. 19-19.

## II. Discussion

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). Section 2254 of Title 28, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs a state prisoner's habeas petition. *See* § 2254; *Harrington v. Richter*, 562 U.S. 86, 97 (2011); *Woodford v. Garceau*, 538 U.S. 202, 206-08 (2003). In a § 2254 proceeding, a federal court examines the decision of the last state court that issued a reasoned opinion on petitioner's habeas claims. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). The standard that governs the federal court's habeas review depends on whether the state court decided petitioner's claims on the merits.

When a state court has adjudicated a petitioner's claims on the merits, a federal court reviews the state court's decision under the deferential standard of § 2254(d). Section 2254(d) precludes a federal court from granting habeas relief unless a state court's decision is (1) contrary to clearly established federal law, (2) a result of an unreasonable application of such law, or (3) based on an unreasonable determination of facts. *See* § 2254(d); *Murray v. Schriro*, 882 F.3d 778, 801 (9th Cir. 2018). A state court's decision is contrary to clearly established federal law if

it reaches a conclusion "opposite to" a holding of the United States Supreme Court or a conclusion that differs from the Supreme Court's precedent on "materially indistinguishable facts." *Soto v. Ryan*, 760 F.3d 947, 957 (9th Cir. 2014) (citation omitted). The state court's decision unreasonably applies clearly established federal law when the decision has "no reasonable basis." *Cullen v. Pinholster*, 563 U.S. 170, 188 (2011). An unreasonable determination of facts occurs when a federal court is "convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record." *Loher v. Thomas*, 825 F.3d 1103, 1112 (9th Cir. 2016). A federal habeas court has an obligation to consider arguments or theories that "could have supported a state court's decision." *See Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2557 (2018) (quoting *Richter*, 562 U.S. at 102). One rule applies to all state prisoners' petitions decided on the merits: the petitioner must show that the state court's decision is "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

Even when a state court does not explicitly address a petitioner's claims on the merits, a § 2254 petitioner still must satisfy a demanding standard to obtain habeas relief. When a state court gives no reason for denying a petitioner's habeas claim, a rebuttable presumption arises that the state court adjudicated the claim on the merits under § 2254(d). *See Richter*, 562 U.S. at 99. And a federal habeas court's obligation to consider arguments or theories that could support a state court's decision extends to state-court decisions that offer no reasoning at all. *See Sexton*, 138 S. Ct. at 2557.

If a state court denies a petitioner's habeas claim solely on a procedural ground, then § 2254(d)'s deferential standard does not apply. *See Visciotti v. Martel*, 862 F.3d 749, 760 (9th Cir. 2016). However, if the state court's decision relies on a state procedural rule that is "firmly established and regularly followed," the petitioner has procedurally defaulted on his claim and cannot pursue habeas relief in federal court unless he shows that the federal court should excuse his procedural default. *See Johnson v. Lee*, 136 S. Ct. 1802, 1804 (2016); *accord Runningeagle v. Ryan*, 825 F.3d 970, 978-79 (9th Cir. 2016). If the petitioner has not pursued his habeas claim in

state court at all, the claim is subject to dismissal for failure to exhaust state-court remedies. *See Murray v. Schriro*, 882 F.3d 778, 807 (9th Cir. 2018).

If obtaining habeas relief under § 2254 is difficult, "that is because it was meant to be." *Richter*, 562 U.S. at 102. As the Supreme Court has explained, federal habeas review "disturbs the State's significant interest in repose for concluded litigation, denies society the right to punish some admitted offenders, and intrudes on state sovereignty to a degree matched by few exercises of federal judicial authority." *Id.* at 103 (citation omitted). The federal court's habeas review serves as a "guard against *extreme* malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (emphasis added).

Here, construing the petition liberally, petitioner raises two claims[1] for habeas relief:

> (1) the trial court did not have jurisdiction to convict him of assault in case no. VCF217254A because the charge was time-barred by the statute of limitations; and
>
> (2) he is entitled to additional custody credits for the period in which he was detained prior to his conviction for assault.

ECF No. 1 at 4. California state courts addressed plaintiff's statute-of-limitations claim on the merits on direct appeal. ECF No. 16-1 at 61. Plaintiff raised his custody-credits claim for the first time in his state habeas petition. *See* ECF No. 19-22 at 5; ECF No. 19-24 at 5; ECF No. 19-26 at 9. The Tulare County Superior Court, the California Court of Appeal, and the California

---

[1] Plaintiff's petition contains attachments that state facts arguably implicating an additional claim of ineffective assistance of counsel. *See* ECF No. 1 at 10-18. However, these factual allegations, made without a legal argument, are insufficient to state a claim. *See* Habeas R. 2 (providing that the petition must "specify all grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," and "be signed under penalty of perjury," among other requirements); *Christian Legal Soc. Chapter of Univ. of California v. Wu*, 626 F.3d 483, 486 (9th Cir. 2010) ("[A] bare assertion in the fact section of the opening brief will not preserve a legal argument that is never made."); *Lexington Ins. Co. v. Silva Trucking, Inc.*, No. 14-cv-p15, 2014 WL 1839076, at *3 (E.D. Cal. May 7, 2014) (collecting cases). Likewise, the court will decline to consider similarly undeveloped arguments, raised for the first time in plaintiff's traverse, to which respondent has not had the opportunity to respond. *See* Fed. R. Civ. P. 27(a)(4) ("A reply must not present matters that do not relate to the response."); *Lott v. Mueller*, 304 F.3d 918, 922, 925 (9th Cir. 2002) (remanding case to district court to allow state to respond to issue raised for first time in traverse). The court notes that petitioner seems to have filed a petition that is missing pages, *see* ECF No. 1 at 3-4; the court can only review what plaintiff has filed.

1  Supreme Court denied his petitions for collateral review without addressing the custody-credits
2  issue. ECF No. 19-23; ECF No. 19-25; ECF No. 19-27. We will address petitioner's claims in
3  turn.

### a. Statute-of-Limitations Claim

Construing the petition liberally, petitioner argues that case no. VCF217254A was barred by the statute of limitations. Plaintiff's argument, however, is procedurally barred because the state court's dismissal of this claim rested upon an adequate and independent state-law ground, and plaintiff has not shown that his procedural default should be excused.

The Supreme Court has long held that federal courts may not review a question of federal law decided by a state court if the state court's decision rests on a state-law ground that is independent of the federal question and adequate to support the judgment. *Lee v. Kemna*, 534 U.S. 362, 375 (2002); *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). "[T]he procedural default doctrine is a specific application of the general adequate and independent state grounds doctrine." *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir. 1994); *Fields v. Calderon*, 125 F.3d 757, 761-62 (9th Cir. 1997). The procedural default doctrine "bar[s] federal habeas [review] when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman*, 501 U.S. at 729-30. A state procedural rule is considered an independent bar if it is not interwoven with federal law or dependent upon a federal constitutional ruling. *See Ake v. Oklahoma*, 470 U.S. 68, 75 (1985). A state procedural rule constitutes an adequate bar to federal court review if it was "firmly established and regularly followed" at the time the state court applied it. *Johnson*, 136 S. Ct. at 1804. Procedural default is an affirmative defense, *Gray v. Netherland*, 518 U.S. 152, 165-66 (1996); *Insyxiengmay v. Morgan*, 403 F.3d 657, 665 (9th Cir.2005), "and the state has the burden of showing that the default constitutes an adequate and independent ground," *Insyxiengmay*, 403 F.3d at 665-66; *accord Bennett v. Mueller*, 322 F.3d 573, 585 (9th Cir. 2003).

Here, respondent raises the affirmative defense that petitioner's claim challenging his underlying plea is procedurally barred because petitioner failed to obtain a certificate of probable cause. ECF No. 16 at 18; *see* Cal Penal Code § 1237.5(b) (providing that "[n]o appeal shall be

6

taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere" unless "[t]he trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court"). Respondent has met his burden of showing that petitioner's procedural default constitutes an adequate and independent ground by pleading that this claim is procedurally defaulted in accordance with California Penal Code § 1237.5. *See Strong v. Sullivan*, 265 F. App'x 489, 490 (9th Cir. 2008) (holding that the failure to obtain a certificate of probable cause under California Penal Code § 1237.5 is an independent and adequate state procedural bar); *Yagao v. Weaver*, No. 15-CV-2554 WQH (JLB), 2017 WL 2908769, at *11 (S.D. Cal. July 7, 2017) (same); *Francis v. Cate*, No. 1:09-CV-00405JMDHC, 2010 WL 1659062, at *5 (E.D. Cal. Apr. 23, 2010) (same).

Since respondent has met his initial burden, the burden shifts to petitioner to challenge the independence or adequacy of the procedural bar. *Bennett*, 322 F.3d at 586. Petitioner has not addressed this issue and has therefore failed to meet his burden under *Bennett*.

If there is an independent and adequate state ground for the decision, the federal court may still consider the claim if the petitioner demonstrates: (1) cause for the default and actual prejudice resulting from the alleged violation of federal law, or (2) a fundamental miscarriage of justice. *Harris v. Reed*, 489 U.S. 255, 262 (1989). Petitioner has not shown (1) cause for the default and prejudice to excuse it, or (2) that a fundamental miscarriage of justice would result from the court not reaching the merits of his defaulted claims. Accordingly, his statute-of-limitations claim is procedurally defaulted.

### b. Custody-Credits Claim

Petitioner argues that he "is entitled to additional custody credits from the time of any valid hold or arrest." ECF No. 1 at 4. Specifically, petitioner contends that he "was given no credits for time served in case VCF217254A" even though he "was continually incarcerated from the offense date of January 16, 2009, until sentencing on August 29, 2012." *Id.* Plaintiff's argument fails because he does not articulate a federal basis for his claim.

"[F]ederal habeas corpus relief does not lie for errors of state law . . . ." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994) (noting that

generally federal habeas corpus is unavailable for alleged errors in interpretation and application of state law). Federal courts are bound by a state court's interpretation of state law unless the state court's interpretation is untenable or amounts to an "obvious subterfuge" to avoid federal review of a constitutional violation. *See Mullaney v. Wilbur*, 421 U.S. 684, 691 & n.11 (1975) (quotation omitted); *Butler v. Curry*, 528 F.3d 624, 642 (9th Cir. 2008).

Here, under a provision of state law, the trial court awarded petitioner ninety-nine days' worth of presentence custody credits for the time he spent in custody between the arraignment and the sentencing hearing. ECF No. 19-13 at 52. Contrarily, plaintiff states that he received no custody credits. ECF No. 1 at 4. In any event, plaintiff has not explained why the state court's presentence-custody-credit determination was incorrect, much less identified a federal constitutional basis on which we could review this determination. Therefore, plaintiff's custody-credit claim is without merit.

### III. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, we decline to issue a certificate of appealability.

**IV. Order**

1. The petition for a writ of habeas corpus, ECF No. 1, is denied.
2. The court declines to issue a certificate of appealability.
3. The clerk of court is directed to enter judgment in favor of respondent and close the case.

IT IS SO ORDERED.

Dated: May 6, 2019

UNITED STATES MAGISTRATE JUDGE

No. 203